# CRIMINAL JUSTICE STANDARDS TRAINING COMMISSION v HATCHER

Case No. 87-4360

State of Florida, Division of Administrative Hearings

October 28, 1988

## APPEARANCES OF COUNSEL

**Joseph S. White,** Assistant General Counsel, Florida Department of Law Enforcement, for petitioner.

**Diamond R. Horne,** for respondent.

## OPINION OF THE COURT

JOYOUS D. PARRISH, Hearing Officer.

### RECOMMENDED ORDER

Pursuant to notice, a final hearing in the above-styled matter was held on September 18, 1988, in Fort Pierce, Florida, before Joyous D. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings. The parties were represented at the hearing.

### BACKGROUND AND PROCEDURAL MATTERS

This case began on August 31, 1987, when the Criminal Justice

Standards and Training Commission (Commission) filed an administrative complaint against Respondent. This complaint alleged Respondent was guilty of violating Sections 943.1395(5) and 943.13(4), *Florida Statutes,* because he had pled guilty to a federal offense. Respondent disputed the allegations and requested an administrative review of the matter on September 14, 1987.

The case was forwarded to the Division of Administrative Hearings for formal proceedings on October 2, 1987. Thereafter, Respondent filed a motion to stay while the parties sought to resolve a complaint for declaratory relief which had been filed in the circuit court. Such request was granted and the matter remained in abeyance until July 1, 1988. The case was then set for final hearing by notice issued August 11, 1988.

At the hearing, the parties presented a prehearing stipulation which included a copy of the judgment and probation/commitment order issued in Respondent's federal criminal proceedings, case no. 85-8098-Cr-PAINE. Petitioner offered one exhibit which was admitted into evidence. Respondent testified in his own behalf and offered one exhibit which was also admitted into evidence. A transcript was not prepared or filed in this cause.

After the hearing, the parties filed proposed recommended orders which have been considered in preparation of this order. Specific rulings on the proposed findings of fact are included in the attached appendix.

## ISSUE

The central issue in this case is whether Respondent is guilty of the violations alleged in the administrative complaint and, if so, what penalty should be imposed. More specifically, the issue is whether a federal misdemeanor can be construed as a felony for purposes of Section 943.13(4), *Florida Statutes.*

## FINDINGS OF FACT

Based upon the stipulation filed by the parties, the testimony of the witness and the documentary evidence received at the hearing, I make the following findings of fact:

1. The Respondent was certified as a law enforcement officer by the Commission on March 31, 1985, and was issued certificate no. 12-85-002-01.

2. On January 31, 1986, the Respondent entered a plea of guilty to the offense of forgery of a United States Treasury check, a violation of

Title 18 USC Section 510(b)-(c) and (2), in the United States District Court, in and for the Southern District of Florida, Case no. 85-8098-Cr-PAINE.

3. The acts which gave rise to the criminal charge against Respondent had occurred prior to Respondent's certification. The Superseding Information charged that Respondent, along with two other named defendants, had falsely made and forged an endorsement on a check made payable to another. This alleged forgery occurred on or about April 3, 1984, at Fort Pierce, St. Lucie County, Florida.

4. Respondent had been employed as a police officer by the Fort Pierce police department for approximately seven months when the warrant for his arrest was issued. He subsequently resigned his position.

5. Respondent was adjudged guilty of the charge set forth in paragraph 2, and was placed on probation for a period of one (1) year. Respondent was also required to make restitution to First Citizens Federal Savings and Loan Association of Fort Pierce in the amount of $179.71. Respondent was not required to serve a sentence of confinement.

6. Respondent completed his probation and made restitution as required.

7. The original charge against Respondent had been a felony, however, during the course of negotiations the charge was reduced to a misdemeanor. Respondent refused to plead guilty to the felony charge and testified he would have continued to fight a felony conviction. Respondent pled guilty to the federal misdemeanor on the belief that it would not affect his certification.

8. Petitioner offered no evidence to establish the facts underlying the alleged criminal offense, *ie.* that Respondent did, in fact, forge an endorsement on a check payable to another.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties and the subject matter of these proceedings.

2. Section 943.13, *Florida Statutes,* sets forth the minimum qualifications for employment or appointment as a law enforcement officer. Subsection (4) provides:

Not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or have received a dishonorable discharge from any of the Armed Forces of the United States. Any

244

person who, after July 1, 1981, pleads guilty or nolo contendere to or is found guilty of any felony or of a misdemeanor involving perjury or a false statement is not eligible for employment or appointment as an officer, notwithstanding suspension of sentence or withholding of adjudication.

3. Section 943.1395(5), *Florida Statutes,* provides, in pertinent part:

The commission shall revoke the certification of any officer who is not in compliance with the provisions of § 943.13(1)-(10) or who intentionally executes a false affidavit established in § 943.13(8), § 943.133(2), or § 943.139(2) and shall, by rule, adopt revocation-of-certification procedures pursuant to chapter 120. For purpose of revocation, the chairman of the commission shall appoint one or more panels of three commissioners each to determine probable cause.

4. Article X, Section 10, *Florida Constitution,* defines "felony" as follows:

The term "felony" as used herein and in the laws of this state shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or by imprisonment in the state penitentiary.

5. Section 775.08, *Florida Statutes,* defines "felony" and "misdemeanor" as follows:

(1) The term "felony" shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary. "State penitentiary" shall include state correctional facilities. A person shall be imprisoned in the state penitentiary for each sentence which, except an extended term, exceeds 1 year.

(2) The term "misdemeanor" shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correction facility, except an extended term, not in excess of 1 year. The term "misdemeanor" shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance.

6. In Florida, the offenses of forgery or uttering forged instruments are felonies which are punishable as provided in Section 775.082, *Florida Statutes.*

7. Respondent claims that since the offense for which he was convicted, a federal misdemeanor, was not punishable by a term of

**245**

imprisonment in excess of 1 year, that such conviction may not be considered a "felony" for purposes of construing Section 943.13(4), *Florida Statutes*. Unfortunately, that is not the case. The term "felony" means any *criminal offense* that is punishable under the laws of *this* state, or that would be punishable if committed in this state, by imprisonment in a state penitentiary. Had Respondent been charged in state court for the offense, conviction would have been punishable by imprisonment in a state penitentiary. Respondent's belief that pleading guilty to the misdemeanor would not effect his certification was misguided.

8. In establishing the criteria for law enforcement certification, the Legislature intended to strengthen and upgrade law enforcement agencies by attracting competent, highly qualified people for professional careers. Consequently, the standard which must be met for certification does not grant any leeway to the Commission. When it is determined that an officer is not in compliance with the provisions of Section 943.13 (1)-(10), *Florida Statutes,* the Commission must revoke the certification. Unfortunately, that is the case at hand. While Respondent appeared to be otherwise well-qualified, there is little doubt that he did plead guilty to an offense which is punishable under the laws of Florida as a felony. Regrettably, Respondent received poor advice in electing to enter the plea since the law does not afford any alternative at this point in time.

## RECOMMENDATION

Based on the foregoing, it is

RECOMMENDED:

That the Criminal Justice Standards and Training Commission enter a final order revoking the Respondent's law enforcement certificate, no. 12-85-002-01.

DONE and RECOMMENDED this 28th day of October, 1988, in Tallahassee, Leon County, Florida.